Frank A. **BOWERS**, Jr., Plaintiff-
Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 28170
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 8, 1970.

H. A. Stephens, Jr., Charles R. Smith, Atlanta, Ga., for appellant.

John W. Stokes, U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, John S. Stephan, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Frank A. Bowers, Jr. brought this action in the United States District Court for the Northern District of Georgia seeking to enjoin the collection of wagering taxes assessed against him. The district court dismissed for want of jurisdiction, and Bowers appeals. We affirm.[1]

The assessment, in an aggregate amount of $164,172.72 was made pursuant to Section 4401(a) of the Internal

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

Revenue Code of 1954 [2] for wagering excise tax liabilities which accrued during September, October, November, and December of 1967. On 16 December 1968, the Internal Revenue Service issued a notice of seizure and a notice of public auction sale for certain real estate in which Bowers had an interest. The present action sought to enjoin this specific sale and other collection activities. The public sale was conducted on 7 January 1969.

■ Bowers alleged jurisdiction under 28 U.S.C. § 1346(a) (1), which grants district courts jurisdiction of suits for refunds of federal taxes. As the district court properly observed, this statute must be read in conjunction with Sections 7421(a) and 7422(a) of the Internal Revenue Code of 1954.[3] Section 7421(a) prohibits, with certain exceptions not here relevant, actions seeking to restrain the assessment of collection of any tax. Section 7422(a) requires a taxpayer to file a claim for refund or credit prior to instituting any suit for a refund of taxes. In Enochs v. Williams Packing & Navigation Co.,[4] the Supreme Court held that a taxpayer might escape the prohibition of Section 7421(a) where "equity jurisdiction otherwise exists" and "it is clear that under no circumstances could the Government ultimately prevail." We feel that neither requirement is satisfied in the present case.

■ To authorize an exercise of equitable jurisdiction, Bowers must establish the inadequacy of his legal remedies.[5] He contends that the "pay and sue" provisions of 7422 are inadequate in the instant case, since he cannot afford to pay the assessment and sue for a refund. However, as the government notes, the Supreme Court has stated that "excise tax assessments may be divisible into a tax on each transaction or event, so that the full-payment rule would probably require no more than payment of a small amount." [6] Thus, Bowers could have paid the tax on a single wagering transaction and tested the validity of the assessment in a suit for refund of that amount. Presumably, he may now claim a refund of the amount realized on the sale of his property, and, failing administrative satisfaction, bring a proper suit under 7422.

■ In attempting to show that the government cannot prevail on its assessment, Bowers contends that (1) he was not engaged in wagering; (2) an illegal search warrant was used to search his premises; (3) the 30-day letter giving prior notice of the assessment was not received until after the 30-day period because it was addressed improperly; and (4) his Fifth Amendment right against self-incrimination was violated by the unlawful search and by the requirement that a return accompany the payment of wagering taxes. It is sufficient to hold, without prejudice to Bowers's right to assert these alleged defects in a 7422 action for a refund of taxes, that he has not established "that, under the most liberal view of the law and the facts, the United States cannot establish its claim." [7]

Accordingly, the judgment of the district court is

Affirmed.

2. 26 U.S.C. § 4401.

3. 26 U.S.C. §§ 7421(a) and 7422(a).

4. 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

5. Id. at 6, 82 S.Ct. 1125.

6. Flora v. United States, 362 U.S. 145, 175 n. 38, 80 S.Ct. 630, 646, 4 L.Ed.2d 623 (1960).

7. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129 (1962).