**Charles Anthony HATLEY, Plaintiff,**

v.

**DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 93–0672–P–C.**

United States District Court, S.D. Alabama, Southern Division.

Feb. 13, 1995.

Charles Anthony Hatley, pro se.

Carol Ide, Washington, DC, Eugene Seidel, Asst. U.S. Atty., Mobile, AL, for defendant.

## ORDER ADOPTING AND MODIFYING THE MJ'S REPORT AND RECOMMENDATION

PITTMAN, Senior District Judge.

This case is before the court on review of a Report and Recommendation made by the Magistrate Judge (MJ) that all of the defendants be dismissed with prejudice (tab 64). Following a review of the record, the MJ's recommendation and applicable law, it is this court's conclusion that the MJ's recommendation be ADOPTED in full with additional analysis by this court. All claims by the plaintiff, Charles Anthony Hatley, against all defendants in this case are DISMISSED WITH PREJUDICE.

### Facts

The facts set out by the MJ in the Report and Recommendation are ADOPTED as part of the opinion of this court. Thus, the facts of this case will not be repeated here.

### Discussion

The MJ's discussion and conclusions in the Report and Recommendation are ADOPTED as part of the opinion of this court, and this court adds the following.

In his objections, plaintiff maintains that he has a valid *Bivens* claim against the IRS, Treasury, and the IRS officials because, he contends, neither of the two widely recognized *Bivens* exceptions applies to this case. Before we go into the exceptions, let us state at the outset that plaintiff cannot bring a *Bivens* action against a government agency. *FDIC v. Meyer*, —— U.S. ——, ——, 114 S.Ct. 996, 1005, 127 L.Ed.2d 308 (1994). Therefore, we readily agree with the MJ that the IRS and Treasury should be dismissed.

Neither does *Bivens* apply to plaintiff's claim against the individual IRS officials named in the complaint. The MJ concludes that "Congress has provided alternative remedies for the actions which are the basis of the plaintiff's claims against the federal official defendants who are employees of the IRS." (tab 64, p. 7) In support, the MJ lists three potential alternative remedies found in the United States Code.

Plaintiff argues that the statutes suggested by the MJ do not offer a remedy for the constitutional violations committed against him. Plaintiff has attacked the first exception to *Bivens* —that Congress has provided a remedy so *Bivens* does not apply. Plaintiff has not attacked the second exception—that if Congress has constructed an elaborate statutory scheme intended to redress the problems created by a government agency, *Bivens* does not provide additional redress even though a remedy for the particular problem at issue is lacking. *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Without agreeing with plaintiff's contentions, but even if he should be correct, they would avail him no relief because the second exception to *Bivens* applies.

The MJ alludes to this second exception when he states: "The provision by Congress of a statutory scheme for adjudication of claims such as those brought by the plaintiff

precludes the plaintiff from recovering against these defendants in a *Bivens*-type action." (tab 64, p. 7) This court clarifies that this second exception prevents plaintiff's action.

*Chilicky* arose when by mistake, the Social Security Administration temporarily terminated the plaintiff's disability benefits and gave no explanation for doing so. The plaintiff, who depended solely on the benefits for himself and his family, sued for money damages caused by the delay. The Supreme Court, although sympathetic with the plaintiff's problem, declined to extend *Bivens* into an area frequently monitored by Congress. The Court's reasoning applies directly to the case before this court:

> We agree that [plaintiff's] suffering ... cannot be fully remedied.... Nor would we care to "trivialize" the nature of the wrongs alleged in this case. Congress, however, has addressed the[se] problems ... Whether or not we believe that its response was the best response, Congress is the body charged with making the inevitable compromises required in the design of a massive and complex [system of taxation]. *Id.* at 428–429, 108 S.Ct. at 2470.

Plaintiff's allegations that the IRS officials defendants conspired against him to deprive him of his Fourth, Fifth and Eighth Amendment rights fail under this reasoning. Within the comprehensive and complex process of government taxation, we cannot find a perfect remedy for plaintiff. Congress, however, has devoted a myriad of sections of the United States Code to taxpayers' concerns about their assessments. See, for example, 26 U.S.C. §§ 6212 (request for extension of time), 6213 (petition to Tax Court), 6343 (authority to release levy), 7122 (offer to compromise), among those listed by the MJ. Like the *Chilicky* Court, this court finds it counter-productive to fashion a remedy for every wrong not specifically righted by the statutes already provided.

### Conclusion

Although the plaintiff may have a financial problem, this court agrees with the MJ that the case should be dismissed against the IRS officials. Rather than involve the court system in every unfortunate instance, the IRS itself can better deal with the problem. That is why Congress established the IRS and its voluminous code, to resolve tax issues at the agency level.

This court also agrees with the MJ that the case should be dismissed against Treasury and the IRS, and against the FBI agents and the individual, Ernest Lins, for the reasons stated in the Report and Recommendation.

Therefore, the recommendation of the MJ (tab 64) is ADOPTED as the opinion of this court, with the additional discussion above.

### JUDGMENT

It is hereby ORDERED, ADJUDGED, and DECREED, that

(1) the motion to dismiss, or in the alternative, for summary judgment (tab 6), filed by defendants Department of the Treasury, Internal Revenue Service, Juanita Formby, Victoria Whitaker, K. Czeskleba, William Poss, Philip Sullivan, Rebecca Tidd, Gregory Collier, and Edward Nelson, and the renewed motion to dismiss (tab 19), filed by these same defendants, is GRANTED, and the plaintiff's claims against these defendants are DISMISSED WITH PREJUDICE;

(2) the plaintiff Charles Anthony Hatley's motion to deny the defendants' motion to dismiss (tab 14), and the motion to deny the defendants' renewed motion to dismiss (tab 21), both filed by plaintiff, are DENIED;

(3) the motion filed by defendant Ernest Lins (tab 27) is GRANTED, and the plaintiff's claims against this defendant are DISMISSED WITH PREJUDICE;

(4) the joint motion for summary judgment, filed by defendants Claiborne J. Poche and Ray M. Stirling (tab 39), and motion to dismiss with prejudice, filed by defendants Claiborne J. Poche and Ray M. Stirling (tab 55), are GRANTED, and the plaintiff's claims against these defendants are DISMISSED WITH PREJUDICE;

(5) and plaintiff Charles Anthony Hatley's motion for summary judgment against the Department of the Treasury and the Internal

Revenue Service (tab 52), is DENIED. Costs taxed against plaintiff.

## REPORT AND RECOMMENDATION

Filed Nov. 11, 1994.

CASSADY, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 26 and the Court's standing order of general reference, the following motions have been referred to the undersigned for a report and recommendation.

1. Motion to dismiss, or in the alternative, for summary judgment, filed by defendants Department of the Treasury, Internal Revenue Service, Juanita Formby, Victoria Whitaker, K. Czeskleba, William Poss, Philip Sullivan, Rebecca Tidd, Gregory Collier, and Edward Nelson (doc. 6).

2. Plaintiff Charles Anthony Hatley's motion to deny the defendants' motion to dismiss (doc. 14).

3. A renewed motion to dismiss, filed by defendants Department of the Treasury, Internal Revenue Service, Juanita Formby, Victoria Whitaker, K. Czeskleba, William Poss, Philip Sullivan, Rebecca Tidd, Gregory Collier, and Edward Nelson (doc. 19).

4. Plaintiff Charles Anthony Hatley's motion to deny the defendants' renewed motion to dismiss (doc. 21).

5. Motion to dismiss or for a more definite statement, filed by defendant Ernest Lins (doc. 27).

6. Joint motion for summary judgment, filed by defendants Claiborne J. Poche and Ray M. Stirling (doc. 39)

7. Plaintiff Charles Anthony Hatley's motion for summary judgment against the Department of the Treasury and the Internal Revenue Service (doc. 52).

8. Motion to dismiss with prejudice, filed by defendants Claiborne J. Poche and Ray M. Stirling (doc. 55).

## FACTS

1. The plaintiff, Charles Anthony Hatley, was convicted of gambling offenses during a federal trial (*U.S. v. Hatley, et al.*, 89–00053 (S.D. AL)) which commenced in October of 1989.

2. FBI Special agent Claiborne Poche participated in the investigation of Hatley and testified against Hatley before a grand jury (amended complaint, p. 5).

3. FBI Ray M. Stirling testified as a gambling expert at the defendant's trial (amended complaint, p. 6).

4. On February 22, 1991, the I.R.S. (defendant Juanita Formby) mailed to the plaintiff a notice proposing the assessment of wagering excise taxes for various periods from 1984–1987. The plaintiff contested the proposed assessments, demanded documentation underlying the assessments and requested that the United States provide him with an attorney (complaint, pp. 5–6).

5. In March of 1991 the plaintiff submitted a request or requests to the I.R.S. (Victoria Whitaker and Karen Czeskleba) for records pertaining to himself under the Freedom of Information Act, 5 U.S.C. § 552 (complaint, pp. 5–6).

6. The I.R.S. scheduled a meeting between the plaintiff and defendant William V. Poss for September 5, 1991. The meeting was not held (complaint, pp. 7–8).

7. On September 5, 1991, the I.R.S. (District Director Philip Sullivan) mailed to the plaintiff a notice of his tax deficiencies and demand for their payment. The plaintiff protested the assessments (complaint, p. 8).

8. On June 23, 1992, the plaintiff met with an I.R.S. appeals officer (Rebecca Tidd) in Mobile, Alabama. The plaintiff and the I.R.S. were unable to reach a settlement of the tax matter (complaint, pp. 11–12).

9. On or about April 7, 1993, the I.R.S. (Gregory Collier) filed a Notice of Federal Tax Lien in the public records of Escambia County, Florida, pertaining to the plaintiff's assessed tax liabilities (complaint, p. 14). On or about August 11, 1993, the I.R.S. (Edward Nelson) filed a Notice of Federal Tax Lien in the public records of Mobile County, Alabama, pertaining to the plaintiff's assessed tax liabilities (complaint, p. 16).

10. On February 18, 1991; May 25, 1992; June 1, 1992; and September 21, 1992, a delegate of the Secretary of the Treasury assessed against the plaintiff Forms 11C and 730 tax liabilities, wagering excise and occupational taxes (26 U.S.C. §§ 4401, 4403, 4411, 4412), for various periods from July 1986 through December 1987 (complaint, appended documents).

11. This civil action was filed on August 13, 1993.

12. On December 27, 1993, the court allowed plaintiff to amend his complaint to add three additional defendants, Claiborne J. Poche (an F.B.I. officer), Ray M. Stirling (an F.B.I. officer), and Ernest Lins.

*Conclusions of Law*

I. *Constitutional and common law tort claims against the IRS, the Department of the Treasury, and the federal official defendants in their official capacities*

■ To the extent that the plaintiff seeks common law damages against the federal official defendants in their official capacities, these claims are in fact actions against the United States, and are barred by sovereign immunity. "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (citations and quotations omitted). *See also Stafford v. Briggs,* 444 U.S. 527, 542 n. 10, 100 S.Ct. 774, 784 n. 10, 63 L.Ed.2d 1 (1980) ("In deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling; the dispositive inquiry is 'who will pay the judgment?'" (citing *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949))). Because a judgment on the plaintiff's claims against the federal official defendants in their official capacities would be paid by the government; these claims are in reality claims against the United States. The plaintiff's claims against the IRS and the Department of the Treasury are also in reali-

ty claims against the United States. *Cf. Castleberry v. Alcohol, Tobacco and Firearms Div. of Treasury Dep't,* 530 F.2d 672, 673 n. 3 (5th Cir.1976) (holding that the IRS and the Department of the Treasury are not authorized to sue or be sued in the name of the United States).

■ The United States is immune from suit unless it has consented to be sued. *See U.S. v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). Sovereign immunity bars claims against the United States for money damages for constitutional violations. *See Keene Corp. v. U.S.,* 700 F.2d 836, 838 n. 3, 845 n. 13 (2d Cir.) *cert. denied, Keene Corp. v. United States,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). A claim for money damages for constitutional violations will lie only against a federal official in his or her *individual* capacity, as a *Bivens* action. *See FDIC v. Meyer,* — U.S. —, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (*Bivens* action not allowed against federal agency). *See also Mack v. United States,* 814 F.2d 120, 123 (2d Cir.1987) ("*Bivens* actions against the United States are routinely dismissed.") Therefore, all claims by the plaintiff for money damages for constitutional violations against the IRS, the Department of the Treasury, or against the federal employee defendants in their official capacities are barred by sovereign immunity and are due to be dismissed.

■ To the extent that the plaintiff's claims are common law claims for damages against the IRS, the Department of the Treasury, or against federal employees in their official capacities, these claims are due to be dismissed for lack of subject matter jurisdiction. As discussed above, these claims are in fact claims against the United States. The United States has waived sovereign immunity with respect to tort claims under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2674. *See U.S. v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). However, a prerequisite to bringing a tort claim against the United States is that a claim be filed with the appropriate agency, and failure to file an administrative claim deprives the court of subject matter jurisdiction over the

**1268**

cause of action. *See* 28 U.S.C. §§ 1346, 2671, 2675. The plaintiff has not alleged that such an administrative claim has been filed with any appropriate agency, and therefore this court does not have jurisdiction to consider the plaintiff's claims for common law torts against the IRS, the Department of the Treasury, or against any of the federal official defendant in their official capacities. Thus, these claims are due to be dismissed for lack of subject matter jurisdiction.[1]

II. *Bivens actions against the federal official defendants*

  A. *The claims against IRS employees Juanita Formby, Victoria Whitaker, K. Czeskleba, William Poss, Philip Sullivan, Rebecca Tidd, Gregory Collier, and Edward Nelson*

The plaintiff has alleged violations of his Fourth, Fifth, and Eighth Amendment rights. Any claims which the plaintiff makes against the federal official defendants in their individual capacities for constitutional violations are actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). An action under *Bivens* will be defeated, however, if 1) Congress has provided an alternative remedy for recovery, or 2) special factors counsel hesitation in the absence of congressional action. *Bivens*, 403 U.S. at 396–97, 91 S.Ct. at 2004–05.

Congress has provided alternative remedies for the actions which are the basis of the plaintiff's claims against the federal official defendants who are employees of the IRS. Potential alternative remedies include actions under 28 U.S.C. § 1346(a)(1) (refund action against the United States for taxes illegally assessed or collected); 26 U.S.C. § 7432 (action for damages against IRS employee who knowingly or negligently fails to release a lien on property of the taxpayer); 26 U.S.C. § 7433 (action against the United States for a knowing or reckless unauthorized collection action). The provision by Congress of a

statutory scheme for adjudication of claims such as those brought by the plaintiff precludes the plaintiff from recovering against these defendants in a *Bivens*-type action. *See Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (*Bivens* remedy not allowed for improper denial of Social Security disability benefits allegedly resulting from violations of due process by government officials where Congress had enacted a statutory scheme for adjudication and not included such a remedy), *see also Hollett v. Browning*, 711 F.Supp. 1009, 1012 (E.D.Cal.1988) (applying *Chilicky* rationale to conclude that a *Bivens* claim was not allowed against IRS officials); *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied, Wages v. IRS*, 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991), (*Bivens* claim not allowed for alleged violation of Fourth and Fifth Amendment rights during collection of taxes); *Baddour, Inc. v. United States*, 802 F.2d 801, 809 (5th Cir.1986) (*Bivens* claim for property allegedly wrongfully seized by IRS was not allowed where wrongful levy action was available).

The plaintiff cannot maintain an action under *Bivens* against IRS employees Juanita Formby, Victoria Whitaker, K. Czeskleba, William Poss, Philip Sullivan, Rebecca Tidd, Gregory Collier, and Edward Nelson. These claims are therefore due to be dismissed.

  B. *The claims against FBI agents Poche and Stirling*

■ The plaintiff's *Bivens* claims against agents Poche and Stirling are barred by the applicable statute of limitations. In *Bivens* suits, the state's general or residual statute of limitations for bringing torts actions applies. *Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989), *see also Lufkin v. McCallum*, 956 F.2d 1104 (11th Cir.1992) (holding that *Owens v. Okure* applies retroactively). Alabama law provides a limitation on such actions after two years. *Code of Alabama* (1975),

1. Although the court need not reach this issue, this court does not have subject matter jurisdiction over any of the plaintiff's claims based on tax collection activity. Suits for damages stemming from activities undertaken to collect taxes

are exempted from the FTCA general waiver of immunity under 28 U.S.C. § 2680(c). *See Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir.1981).

§ 6–2–38(l); *Jones v. Preuit & Mauldin,* 876 F.2d 1480 (11th Cir.1989). The plaintiff filed his complaint on August 13, 1993. Therefore, any claims based upon actions which occurred before August 13, 1991 are barred by Alabama's statute of limitations.

The plaintiff claims that FBI agents Poche and Stirling violated his constitutional rights during the course of an FBI investigation of the plaintiff, which resulted in the plaintiff's conviction for gambling offenses during the fall of 1989. The plaintiff's trial commenced in October of 1989 and lasted approximately six weeks. The plaintiff should have been aware of any claims which he had against these two defendants by the time of his conviction in November of 1989. The plaintiff's *Bivens* claims against agents Poche and Stirling are therefore due to be dismissed as time barred.

### III. *The plaintiff's claims for an injunction and for declaratory judgment*

In his complaint and amended complaint, the plaintiff has requested injunctive relief from collection of his tax liabilities. This relief is not available to the plaintiff. The Internal Revenue Code, Section 7421, (the "Anti-injunction Act"), precludes entry by this court of an injunction respecting the collection of federal taxes.

There is a judicially-created exception to the Anti–Injunction Act, under which the Act will not apply if 1) under no circumstances would the government be certain of succeeding on the merits, and 2) equity jurisdiction otherwise exists. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). The burden is on the plaintiff to show that his case falls within this exception to the Anti–Injunction Act. *Bowers v. United States,* 423 F.2d 1207 (5th Cir.1970). "[T]he question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the

suit for an injunction be maintained." *Williams Packing,* 370 U.S. at 7, 82 S.Ct. at 1129. The plaintiff has not alleged facts showing that the United States cannot maintain its claim, and therefore the plaintiff fails under the first criterion of the *Williams Packing* exception.

The plaintiff also fails under the second criterion, because equity jurisdiction does not exist in this case. The plaintiff has not shown the risk of irreparable injury, or the inadequacy of legal remedies, which are the traditional standards for equitable relief. *Mathes v. United States,* 901 F.2d 1031, 1033 (11th Cir.1990); *Lovell v. United States,* 795 F.2d 976, 977 (11th Cir.1986). Legal remedies exist which address the plaintiff's claims, although the plaintiff has not availed himself of these remedies. For example, the plaintiff could have paid a portion of the tax liabilities and then sued for a refund in district court pursuant to 26 U.S.C. § 7422, or he could have administratively or judicially challenged the adequacy of the IRS's reply to his FOIA request, pursuant to 5 U.S.C. § 552(a).

Since the plaintiff has not shown that his claim fits within the *Williams Packing* exception to the Anti–Injunction Act, this court is precluded by the Anti–Injunction Act from granting injunctive relief respecting the collection of the plaintiff's taxes. To the extent that the plaintiff seeks a determination by this court regarding the assessment of his taxes, this claim is precluded by 28 U.S.C. § 2201, which precludes this court from entry of a declaratory judgment with respect to federal taxes. The plaintiff's claims for injunctive relief are therefore also due to be dismissed.

### IV. *The plaintiff's claims against defendant Ernest Lins*

Defendant Lins is the only defendant who is not an agency or employee of the federal government. The plaintiff alleges that Defendant Ernest Lins engaged in a conspiracy with others to deprive the plaintiff of his 4th, 5th, 6th, and 8th Amendment rights. This court has no jurisdiction over such claims against Lins as a private party unless Lins became sufficiently entangled

with governmental functions that federal jurisdiction would attach. *See Spark v. Catholic University of America*, 510 F.2d 1277, 1281–1282 (D.C.Cir.1975), and cases cited therein. The plaintiff has not alleged facts indicating that the government controlled Lins's actions sufficiently for federal question jurisdiction to attach, and therefore these claims must be dismissed for lack of jurisdiction.

 Neither can the plaintiff maintain an action against Lins under 42 U.S.C. § 1983. Section 1983 requires proof "of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." *Williams v. Bennett*, 689 F.2d 1370, 1379–1380 (11th Cir.1982), *cert. denied, Bennett v. Williams*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). The plaintiff has not alleged facts indicating that Lin's actions were taken under color of state law, and has not shown any link between Lins's actions and the alleged constitutional violations. The plaintiff's claims against Lins for constitutional violations therefore must be dismissed.

The plaintiff alleges that Lins, along with defendants Poche and Stirling, conspired to prosecute him, and that these defendants "use[d] legal process to force and/or try to force the plaintiff and others to aid organized crime." The plaintiff fails to provide any facts supporting these allegations which would give rise to a cause of action over which this court would have jurisdiction. These claims are due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is therefore recommended,

1. that the motion to dismiss, or in the alternative, for summary judgment (doc 6), filed by defendants Department of the Treasury, Internal Revenue Service, Juanita Formby, Victoria Whitaker, K. Czeskleba, William Poss, Philip Sullivan, Rebecca Tidd, Gregory Collier, and Edward Nelson, and the renewed motion to dismiss (doc. 19), filed by these same defendants, both be GRANTED.

2. that Plaintiff Charles Anthony Hatley's motion to deny the defendants' motion to dismiss (doc. 14), and his motion to deny the defendants' renewed motion to dismiss (doc. 21), both be DENIED.

3. that the motion to dismiss filed by defendant Ernest Lins (doc. 27), be GRANTED.

4. that the joint motion for summary judgment, filed by defendants Claiborne J. Poche and Ray M. Stirling (doc. 39), and motion to dismiss with prejudice, filed by defendants Claiborne J. Poche and Ray M. Stirling (doc. 55), both be GRANTED.

5. and that Plaintiff Charles Anthony Hatley's motion for summary judgment against the Department of the Treasury and the Internal Revenue Service (doc. 52), be DENIED.

DONE this 3rd day of November, 1994.