[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 30, 2006
THOMAS K. KAHN
CLERK

No. 05-16792
Non-Argument Calendar

_____

D. C. Docket No. 04-01240-CV-J-16-MCR

PAUL BERGQUIST,

Plaintiff-Appellant,

versus

FIDELITY INFORMATION SERVICES, INC.,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 30, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Paul Bergquist appeals the district court's entry of summary judgment in favor of his former employer, Fidelity Information Services, Inc. ("Fidelity"),[1] on his claim for violation of the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. On appeal, Bergquist argues the district court erred by finding that Fidelity properly asserted, as an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, the FLSA's exemption of computer programmers from the overtime pay provisions.[2] After careful review of the record and the parties' briefs, we affirm.

We review the district court's analysis of Fidelity's affirmative defenses under Rule 8(c) for abuse of discretion. See E.E.O.C. v. White & Son Enters., 881 F.2d 1006, 1009 (11th Cir. 1989) (reviewing for abuse of discretion district court's ruling on waiver of affirmative defenses under Rule 8(c)); cf. Amoco Oil Co. v. Gomez, 379 F.3d 1266, 1276 (11th Cir. 2004) (reviewing for abuse of discretion district court's denial of motion to amend answer to add counterclaim under Rule 8(c) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 664 (9th Cir. 1999) (holding that "we have held that a district court's [ Rule 8(c) ] decisions

---

[1]Bergquist was employed by Fidelity's predecessor, Alltel Information Services, Inc.

[2]Bergquist argues only that the affirmative defense was not properly raised, but does not challenge the merits of the district court's summary judgment analysis. Cf. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (noting that issues not argued on appeal are deemed waived, and a passing reference in an appellate brief is insufficient to raise an issue).

2

with regard to the treatment of affirmative defenses is reviewed for an abuse of discretion"))).

As a general rule, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week.  See 29 U.S.C.A. § 207(a)(1).  The FLSA exempts from its overtime pay requirements "any employee employed in a bona fide executive, administrative, or professional capacity" who receives payment on a salary basis.  See 29 U.S.C. § 213(a)(1); see also Avery v. City of Talladega, 24 F.3d 1337, 1340 (11th Cir. 1994).  Moreover, section 213(a)(17) of Title 29 further exempts certain specified employees from the overtime compensation requirements, including an employee, such as Bergquist, who is "a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker" with certain defined primary duties.  Id. at § 213(a)(17).

Prior to entering summary judgment in favor of Fidelity based on the forgoing exemptions, the district court addressed Bergquist's argument that Fidelity's failure to assert in its answer the "computer programmer" exemption as an affirmative defense resulted in a waiver of the defense:

> The Court initially notes that rule 8(c), Federal Rules of Civil
> Procedure, provides that "[i]n pleading a party shall set forth
> affirmatively . . . waiver, and any other matter constituting an

3

avoidance or affirmative defense." If the party fails to raise an affirmative defense in the pleadings, the party generally waives its right to raise the issue at trial. Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir. 1988). The purpose of requiring that an affirmative defense be pled in the answer, however, is to provide notice to the opposing party 'of the existence of certain issues.' Schwind [v. EW & Assoc., Inc., 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005)] (quoting Doubleday & Co. v. Curtis, 763 F.2d 495, 503 (2d Cir. 1985)). . . . Furthermore, "if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" [Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989)] (quoting [Hassan, 842 F.2d at 263]). . . .

The Court finds, in the case at bar, that Defendant has not sought leave to amend its answer. The Court also finds Defendant's contention that the exemption defenses were raised by reading paragraph 7 of the Amended Complaint in conjunction with Defendant's Answer to be tenuous. Nevertheless, while tenuous, review of the record easily demonstrates this case revolves around whether Plaintiff is an exempt computer programmer. This is evident in the Motion for More Definite Statement, the Amended Complaint, the Answer, Defendant's August 15, 2005 Rule 11 letter and subsequent Rule 11 Motion, Plaintiff's Deposition as well as being a focal point of the parties' Discovery. Plaintiff's deposition explores his occupational duties, the performance of his duties and even touches upon Plaintiff's understanding of the status of an exempt employee. Moreover, Plaintiff's First Set of Interrogatories asked "[d]oes Defendant contend that Plaintiff was not entitled to be paid for overtime compensation for any hours worked in excess of 40 hours during a work week[,]" to which Defendant answered "Plaintiff was not entitled to be paid overtime compensation for any hours worked in excess of 40 hours per week because his job title, duties and compensation exempt Plaintiff from the overtime requirements of the [FLSA] and regulations promulgated thereunder." Also noteworthy is that Defendant provided Plaintiff with notice of the computer programmer exemption, and the opportunity to rebut it, in

its Rule 11 letter dated August 15, 2005. Defendant, in complying with Rule 11(c)(1)(A), Federal Rules of Civil Procedure, served the Rule 11 letter with an attached copy of its yet to be filed Motion for Rule 11 sanctions on Plaintiff. This occurred a month prior to the filing of Defendant's summary judgment motion. The Rule 11 letter clearly and explicitly sets forth Defendant's intention to utilize the exemption defenses in noting that Plaintiff "met the requirements of 29 U.S.C. § 213(a)(1) and/or (2)(17) and that he was not entitled to overtime compensation under the Act." The Rule 11 letter also provides that "[b]ased on the foregoing, you are and have been on notice that Mr. Bergquist was an exempt computer professional for the duration of his employment at Fidelity." The attached Motion for Rule 11 Sanctions provides an even more thorough examination of these exemptions.

Based upon the foregoing, the Court finds the exemption defenses in 29 U.S.C. § 213(a)(1) and 29 U.S.C. § 213(a)(17) to be properly asserted and before the Court. Alternatively, it is clear that Plaintiff has had notice of the exemption defenses, has had the opportunity to respond to them and has thus not been prejudiced. Hassan, 842 F.2d at 263 (stating that "[w]e must avoid the hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of rule [8(c)].").

Dist. Ct. Order Granting Defendant's Motion for Summary Judgment (Nov. 10, 2005) (internal record citations omitted).

From our review of the record, it is plain that the purpose of Rule 8(c) -- "simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate" -- was satisfied here. Hassan, 842 F.2d at 263 (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971)). "When a plaintiff has notice that

5

an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue." Hassan, 842 F.2d at 263.

Bergquist does not allege, and the record would not support, that he was surprised or in any way prejudiced by the district court's decision, given that it clearly was on notice that the "computer programmer" exemption was a central issue of dispute between the parties, based on all of the indicators outlined by the district court in its order. Cf. Hassan, 842 F.2d at 263-64 (finding no abuse of discretion in district court's consideration of affirmative defense where plaintiff suffered no prejudice and plaintiff received interrogatories concerning, and was questioned extensively during her deposition about, the affirmative defense). On this record, we discern no abuse of the district court's discretion in its finding that the "computer programmer" exemption was properly before it as an affirmative defense. Based on the district court's well-reasoned order, in which the court applied controlling Circuit precedent and addressed every argument raised by Bergquist in this appeal, we affirm the order of summary judgment in favor of Fidelity.

**AFFIRMED.**