**Harold B. ROTTE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Case No. 07–14029–CIV.**

United States District Court, S.D. Florida, Ft. Pierce Division.

Feb. 25, 2009.

Harold B. Rotte, Vero Beach, FL, pro se.

Rachael Amy Kamons, Patrick J. Hannon, United States Department of Justice, Washington, DC, for Defendant.

### *ORDER ON MOTIONS FOR SUMMARY JUDGMENT*

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Partial Summary Judgment on Counts II and III with respect to Tax Year 2004 (D.E. No. 45) and the United States's Motion for Partial Summary Judgment (D.E. No. 76). Plaintiff Harold B. Rotte ("Plaintiff") has filed suit against Defendant United States of America ("Defendant"), alleging claims based upon his 1988, 1989, 1991, and 2004 taxes. After careful consideration, the Court denies Plaintiff's motion for partial summary judgment and grants in part and denies in part Defendant's motion for partial summary judgment.

### I. Relevant Factual and Procedural Background

Plaintiff, who is proceeding *pro se* in this action, filed suit against the Internal Revenue Service ("IRS") on January 31, 2007, raising a number of claims relating to different tax bills and tax liens. Plaintiff amended his complaint several times, *see* (D.E. Nos. 11, 17), and eventually, Defendant moved to dismiss Plaintiff's claims. The Court granted this motion, dismissing with prejudice Plaintiff's claims arising under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). *See* (D.E. No. 26). The dismissal was with prejudice to Plaintiff's claims against the IRS. *Id.* Plaintiff was directed to substitute the Defendant United States as the proper party in any Second Amended Complaint filed with the Court. *Id.* The dismissal was without prejudice to Plaintiffs claims regarding the

present collection of a tax debt. *Id.* It was also without prejudice to Plaintiff's claims for refunds under 26 U.S.C. § 6511, his claims for civil damages for unlawful collection activity under 26 U.S.C. § 7433, and his claims for judicial review of an adverse Tax Court decision. *Id.* On June 4, 2008, Plaintiff filed his three-count Second Amended Complaint (D.E. No. 27), which reasserts some of the claims from Plaintiff's previous complaint and is the operative complaint in this action. Both parties have now moved for partial summary judgment.

### II. Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Matsushita Electric Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. It is "material" if it might affect the outcome of the case under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In addition, in considering

a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id.* at 255, 106 S.Ct. 2505.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties,* 941 F.2d 1428, 1438 (11th Cir.1991). The moving party " 'must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial.' " *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.' " *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties,* 941 F.2d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.,* 931 F.2d 1472, 1477 (11th Cir.1991)). *See also* Fed.R.Civ.P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. 2548 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324, 106 S.Ct. 2548. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* (quoting Fed. R.Civ.P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

### III. Analysis

The Court now considers both parties' motions for partial summary judgment.[1] Plaintiff has moved for partial summary judgment on the portions of Counts II and III which relate to tax year 2004. Defendant has moved for partial summary judgment on all claims in Count I, on the portions of Count II relating to Plaintiff's

---

1. Plaintiff's partial motion for summary judgment was fully briefed. However, no response to Defendant's partial motion for summary judgment was ever filed in this case. When the deadline for filing a response to Defendant's motion passed, this Court entered an order giving Plaintiff additional time to file this response. *See* (D.E. No. 85). In this Order, the Court cautioned Plaintiff that if no response to Defendant's motion was filed by the stated deadline, the Court would consider the motion without a response. *See id.* No response was ever filed, and thus, this Court has considered Defendant's motion without a response. The Court notes, however, that Plaintiff's own motion and his reply brief in support of this motion address similar issues, and these filings were considered by the Court. In addition, Plaintiff has filed a number of documents he labels "Notices" with the Court, which the Court has fully considered.

allegations that levies issued for tax years 1988, 1989 and 1991 were issued after the statute of limitations for collection expired, the portions of Count II relating to tax year 2004, and all claims in Count III. The Court discusses each count in turn.

## A. Count I

■ In Count I, Plaintiff alleges that Defendant violated 26 U.S.C. § 7432. Section 7432 provides:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Plaintiff alleges that Defendant violated section 7432 by failing "to issue a Certificate of Release of Federal Tax Lien (Form 668Z) with respect to the 1988, 1989 and 1999 taxes after expiration of the Statute of Limitation on collections." (D.E. No. 27 at 21). Defendant moves for summary judgment, arguing that it complied with section 7432 because the notice of federal tax lien was self-releasing. After careful consideration, this Court agrees and finds that there are no genuine issues of material fact as to Count I.

In this case, the notice of federal tax lien filed in Duval County, Florida, which lists the assessments made relating to Plaintiff's 1988, 1989 and 1991 tax liabilities contains a section entitled "Important Release Information." (D.E. No. 74–4 at 1). This section provides that "[f]or each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).[2]" *Id.* Thus, as Defendant argues, the notice of federal tax lien acted as a certificate of release and automatically released the tax liens for Plaintiff's 1988, 1989 and 1991 tax liabilities when no notice of lien was refiled by the dates listed in column (e).[3] There is no evidence in the record that these federal tax liens were ever refiled. Thus, the Court grants Defendant's motion for summary judgment as to Count I.

## B. Count II

In Count II, Plaintiff alleges violations of 26 U.S.C. § 7433, which provides for civil damages for certain unauthorized collection actions. Section 7433 specifically provides that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal

---

**2.** 26 U.S.C. § 6325(a) provides:
(a) Release of lien.—Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which—
(1) Liability satisfied or unenforceable.— The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable; or
(2) Bond accepted.—There is furnished to the Secretary and accepted by him a bond that is conditioned upon the payment of the

amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

**3.** The dates listed in column (e) are June 11, 2005, June 11, 2005, and January 5, 2004 for the 1988, 1989, and 1991 tax liabilities respectively. (D.E. No. 74–4 at 1).

Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

Plaintiff alleges Defendant violated section 7433 by disregarding a number of provisions of title 26.

### 1. Claims Relating to Plaintiff's 1988, 1989, and 1991 taxes

First, Plaintiff argues that Defendant improperly levied his social security benefits with respect to his 1988, 1989, and 1991 taxes because these benefits were levied after the expiration of the statute of limitations set forth in 26 U.S.C. § 6502. He also alleges that his 1988, 1989, and 1991 taxes were improperly levied in excess of the sums specified in 26 U.S.C. § 6334. Finally, in Count II, Plaintiff alleges that Defendant violated 26 U.S.C. § 121 by taxing him on the sale of his personal residence in 2004 when such sale was exempt and that Defendant improperly attempted to collect the tax liability for 2004 without properly issuing a Notice of Deficiency as required under 26 U.S.C. § 6212. Defendant moves for summary judgment on all claims except Plaintiff's claim that his 1988, 1989, and 1991 taxes were levied in excess of the sums specified

in section 6334. Plaintiff also moves for summary judgment but only as to those claims in this count relating to his 2004 tax liability. After careful consideration, the grants Defendant's partial motion for summary judgment as to its arguments relating to this count and denies Plaintiff's partial motion.[4]

The Court first finds that Defendant is entitled to summary judgment on Plaintiff's claim that Defendant improperly levied his social security benefits with respect to his 1988, 1989, and 1991 taxes because such taxes were levied after the statute of limitations set forth in section 6502. Section 6502 provides:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—. . . within 10 years after the assessment of the tax.

26 U.S.C. § 6502(1). Here, it is undisputed that Defendant did not levy Plaintiff's 1988, 1989, and 1991 taxes beyond the allowable time period.

The IRS assessed Plaintiff's 1988 and 1989 tax liabilities on May 12, 1995. *See* (D.E. No. 74–2 at 2, 12). It assessed Plaintiff's 1991 tax liability on December 6, 1993. *See* (D.E. No. 74–2 at 19). Thus, the ten-year statute of limitations expired for the 1988 and 1989 tax liabilities on May 12, 2005 and for the 1991 tax liability on December 6, 2003.[5] Defendant has sub-

---

**4.** Neither party has moved for summary judgment on the issue of whether Plaintiff's 1988, 1989, and 1991 taxes were levied in excess of the sums specified in section 6334. Defendant specifically states that a "genuine factual dispute" remains as to this claim. *See* (D.E. No. 76 at 1 n. 1).

**5.** It has calculated the statute of limitations expiration without regard to any possible exclusions from this time based on Plaintiff's tax court proceedings. *See* 26 U.S.C. § 6503(a)(1). Defendant did not argue or present evidence with regard to these exclu-

mitted the IRS's Certificates of Assessments and Payment and Other Specified Matters ("Certificates"), which first shows that all monies levied were applied only to Plaintiff's 1988 tax liability. *See* (D.E. No. 74–2 at 2–9, 12–16, 19–22). Furthermore, the Certificates show that the IRS did not levy with regard to Plaintiff's 1988 tax liability beyond February 2005. *See* (D.E. No. 74–2 at 8). There is a notation in the Certificates showing that the IRS abated Plaintiff's 1988, 1989, and 1991 tax liabilities shortly after the statute of limitations for collection of these liabilities expired. *See* (D.E. No. 74–2 at 8, 16, 21). Plaintiff has not offered any evidence to dispute this evidence. Thus, the Court grants Defendant's partial motion for summary judgment as to this claim in Count II.

### 2. Claims Relating to Plaintiff's 2004 taxes

■ Next, the Court also finds that Defendant's motion for partial summary judgment should be granted as to Plaintiff's claim that Defendant violated 26 U.S.C. § 121 by taxing him on the sale of his personal residence in 2004 when such sale was exempt, and Plaintiff's claim that Defendant improperly attempted to collect the tax liability for 2004 without properly issuing a Notice of Deficiency as required under 26 U.S.C. § 6212. In this case, as a matter of law, Plaintiff's claim is improper to the extent Plaintiff is seeking relief under section 7433 for an improper assessment rather than for an improper action

taken in collection of a liability. In addition, it is undisputed that Plaintiff has not exhausted his administrative remedies as to his claim relating to his 2004 tax liability, which is a prerequisite to his filing suit.

■ Section 7433 provides relief "in connection with any collection of Federal tax with respect to a taxpayer." 26 U.S.C. § 7433(a). "It is well-established that taxpayers cannot utilize Section 7433 to contest the assessment of a tax, as opposed to its collection." *Sande v. United States,* No. 6:07–cv–1878, 2008 WL 976954, at *2 (M.D.Fla. Apr. 9, 2008) (citing *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir. 1994)). "Section 7433 provides a remedy solely for illegal collection activities; where the IRS follows proper procedures to collect a tax that has been improperly assessed, a taxpayer must seek a different remedy." *Id.* (quoting *Ihasz v. United States,* 997 F.Supp. 547, 551 (D.Vt.1997)) (internal quotations omitted). Thus, to the extent Plaintiff's claim in Count II relating to his 2004 tax liabilities is based on his argument that this liability was improperly assessed because he was taxed on an exempt sale, the Court grants summary judgment as such a claim is not proper under section 7433.[6]

■ The Court also grants summary judgment on all of Plaintiff's allegations relating to his 2004 tax liability in Count II, finding that there are no genuine issues of material fact that Plaintiff has not ex-

---

sions. Defendant stated that it was unnecessary for the Court to address such time exclusions as even under a straight calculation of the statute of limitations, it was clear that Defendant did not levy beyond these dates.

**6.** To the extent Defendant is attempting to argue that they have not taken any "collection" activities because no monies have been collected with respect to the 2004 liability, the Court rejects this argument. As one court has stated "a notice and demand for payment constitute a collection action, as does the fil-

ing of a notice of tax lien." *Miller v. United States,* 763 F.Supp. 1534, 1543 (N.D.Cal. 1991). It is well-established that "the filing of a notice of tax lien is a collection action." *Delvecchio v. Smith,* 558 F.Supp.2d 1243, 1250 (S.D.Fla.2008). Here, it is unclear from the record exactly what has been issued to Plaintiff and whether he has received a notice and demand for payment. Thus, the Court cannot grant Defendant's motion for summary judgment on the basis of this argument. However, as discussed above, the Court has granted summary judgment as to all of the

hausted his administrative remedies as to this claim. Section 7433(d)(1) provides that a plaintiff may not recover under section 7433 "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." The regulations with regard to this exhaustion requirement provide that "no action ... shall be maintained in any federal district court before the earlier of the following dates: (i) The date the decision is rendered on a claim ...; or (ii) The date six months after the date an administrative claim is filed...." 26 C.F.R. § 301.7433–1(d). "It is clear that § 7433 requires that a plaintiff exhaust its administrative remedies prior to filing an action under that section ...." *Delvecchio*, 558 F.Supp.2d at 1249. Here, it is undisputed that Plaintiff

first filed his administrative claim relating to his 2004 tax liability on May 30, 2008. *See* (D.E. No. 74–7).[7] This filing date is over a year after this case was first filed and several days before the operative complaint in this case was filed. *See* (D.E. Nos 1, 27).[8] Thus, the Court finds summary judgment is appropriate on these claims and grants Defendant's motion for partial summary judgment as to Count II. The only claims which remain in this count are those claims relating to the sums in excess allegedly charged with regard to the tax liabilities for Plaintiff's 1988, 1989, and 1991 taxes, which the parties did not move for summary judgment on.[9]

## C. Count III

■ In Count III, Plaintiff seeks to restrain the collection and assessment of his

allegations relating to Plaintiff's 2004 tax liability in this count, on the basis of his failure to exhaust his administrative remedies.

7. The Court acknowledges that in his claim dated May 30, 2008, Plaintiff states that it is a "supplemental claim." However, Plaintiff has never presented any other administrative claim relating to this issue and Defendant contends it was the only claim ever submitted. *See* (D.E. No. 75–6 at 8–15) (where Plaintiff equivocates about whether or not he had ever filed another administrative claim at times stating he doesn't remember and at other times appearing to confuse complaining about an assessment with the filing of an actual administrative claim); *see also* (D.E. No. 76–2). Moreover, in the parties' recently filed Joint Pretrial Stipulation, the parties state it is undisputed that although this May 30, 2008 administrative claim was stated as a "supplement," such claim was in fact "a new claim with regards to plaintiff's 1988, 1989, 1991 and 2004 federal income tax liabilities." (D.E. No. 99 at 9).

8. The Court also finds that the fact that now six months have passed since Plaintiff filed his administrative claim is immaterial. *See Martens v. United States*, No. 05–1805, 2007 WL 2007580, at *3 (D.D.C. July 6, 2007) (finding that a plaintiff's premature filing

could not "be cured by the passage of time" as "[s]ection 7433 requires a plaintiff to complete administrative processes before beginning any judicial proceedings.").

9. Plaintiff argues in his reply brief submitted in support of his partial motion for summary judgment that Defendant has waived its right to assert an affirmative defense based on the exhaustion of remedies. *See* (D.E. No. 60 at 9). This Court disagrees. While Federal Rule of Civil Procedure 8(c) requires a party to affirmatively state an affirmative defense and a failure to do so generally operates as a waiver of that defense at trial, the Court finds that it does not operate as one in this case. "The purpose of requiring that an affirmative defense be pled in the answer is to provide notice to the opposing party of the existence of certain issues." *Bergquist v. Fidelity Info. Servs., Inc.*, 197 Fed.Appx. 813, 814 (11th Cir.2006) (internal quotations omitted). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.' " *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir.1989) (quoting *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir.1988)). Where there is not any prejudice, the Court may consider the defense. *Id.*

2004 taxes "pursuant to an exception to the Anti–Injunction Act 26 U.S.C. § 7421(a)." (D.E. No. 27 at 11–12). Plaintiff specifically alleges that Defendant attempted to collect a 2004 tax assessment from Plaintiff without properly issuing a Statutory Notice of Deficiency under 26 U.S.C. § 6212 and that such tax assessment was in violation of 26 U.S.C. § 121 because Defendant attempted to tax Plaintiff on the gain from the sale of his personal residence, which Plaintiff argues was exempt from taxation. Defendant has moved for summary judgment on this claim, arguing that the Anti–Injunction Act explicitly prohibits this action and that this action does not fall under the exceptions to this prohibition. Plaintiff has also moved for summary judgment on this claim, arguing that there are no genuine issues of material fact as to the substantive claims at issue in Count III, specifically, that the gain from the sale of his personal residence was exempt and that no statutory Notice of Deficiency was sent. After careful consideration, the Court finds that genuine issues of material fact remain with regard to the issuance of the Notice of Deficiency, and thus, summary judgment is inappropriate on this count.

The Anti–Injunction Act specifically provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). There are specific enumerated statutory exceptions to this prohibition in "sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436." *Id.* There is also a judicially created exception to the Anti–Injunction Act. *See Mathes v. United States,* 901 F.2d 1031, 1033 (11th Cir.1990); *Hatley v. Dep't of Treasury,* 876 F.Supp. 1262, 1269 (S.D.Ala.1995). The Court finds there are genuine issues of material fact with regard to the application of the exceptions to this case.

First, the Court finds there are genuine issues of material fact with regard to whether the application of section 6213(a), one of the statutory exceptions to the Anti–Injunction Act, applies. Section 6213(a) provides in relevant part:

> Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90–day or 150–day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the prop-

Here, the Court finds it is undisputed that Plaintiff has been aware of this defense for some time. First, this issue was raised in Defendant's motion to dismiss Plaintiff's previous complaint filed on March 21, 2008. *See* (D.E. No. 21 at 10). It was also raised in Defendant's Answer to the operative complaint, although not specifically labeled as an affirmative defense. See (D.E. No. 28 at 13) (stating that Defendant "[d]enies that 26

U.S.C. § 7433(d)(3) and 26 C.F.R. 301.7433–1(d)(2) permit a taxpayer to bring suit for refund in district court without first timely filing an administrative claim for refund."). Finally, this issue was also raised at Plaintiff's deposition. *See* (D.E. No. 75–6 at 9–14). Thus, the Court finds that Plaintiff was certainly on notice as to this defense, and this Court does not find that it has been waived.

er court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection.

26 U.S.C. § 6213(a). Plaintiff states that he "never received a statutory 'Notice of Deficiency' under I.R.C. 6212 for tax year 2004." (D.E. No. 47 at 17). Defendant states that a Notice of Deficiency was sent to Plaintiff and cites to a notation in their Certificates which states that a "Statutory Notice of Balance Due" was issued to Plaintiff on February 18, 2008.[10] *See* (D.E. No. 74–2 at 26). As it is disputed whether a Notice of Deficiency has been sent, it is unclear whether section 6213(a) applies, and thus, it is unclear whether this action is barred by the Anti–Injunction Act. *See Hempel v. United States,* 14 F.3d 572, 573 (11th Cir.1994) (stating that an exception to the Anti–Injunction Act "arises when the IRS fails to send the taxpayer a statutorily required notice of deficiency, or '90–day letter,' prior to assessment ... [and that in] such a case, an injunction may issue.").

 In addition, the Court finds there are genuine issues of material fact as to the application of the judicially created exception. Pursuant to the judicially created exception to the Anti–Injunction Act, "the Act will not apply if 1) under no circumstances would the government be certain of succeeding on the merits, and 2) equity jurisdiction otherwise exists." *Hatley,* 876 F.Supp. at 1269; *see also Mathes,* 901 F.2d at 1033. Plaintiff bears the burden of demonstrating that the judicial exception applies, *see Hatley,* 876 F.Supp. at 1269, and "either ground is conclusive."

*Mathes,* 901 F.2d at 1033. Thus, Plaintiff would have to demonstrate both requirements to show that the judicially created exception applies.

 The Court declines to address the first requirement in great detail as Plaintiff would have to demonstrate that both requirements are undisputed to win on summary judgment on this issue. With respect to Defendant's motion for summary judgment, the Court finds Plaintiff has presented sufficient information to create a genuine issue of material fact as to this first requirement. *See* 26 U.S.C. § 121(a); (D.E. No. 47 at 1–3). With regard to the second requirement, the traditional means of obtaining equitable relief is a demonstration of "the risk of irreparable injury ... or the inadequacy of legal remedies." *Hatley,* 876 F.Supp. at 1269. However, the Court finds that there are genuine issues of material fact with regard to the availability of an adequate legal remedy for Plaintiff.

Specifically, as discussed above, there is a genuine issue of material fact as to whether Defendant sent Plaintiff a Notice of Deficiency. If Plaintiff was not sent a Notice of Deficiency, he could not have sought relief in the tax court. *See* 26 U.S.C. § 6213(a); *Hempel,* 14 F.3d at 573 n. 3 (stating that "[t]he notice of deficiency is the taxpayer's jurisdictional ticket to the tax court."). In addition, Defendant argues that Plaintiff may seek relief pursuant to 26 U.S.C. § 6511 by paying his taxes and then seeking a refund. Plaintiff, however, has offered evidence sufficient to create a genuine issue of material fact that he does not have the money to pay the taxes in full and then seek a refund. Plaintiff has submitted an affidavit in

---

**10.** Defendant did not file an actual copy of the Notice of Deficiency.

which he states that he has "insufficient funds to satisfy the tax liability in full" and thus he states he cannot use the normal refund procedures in section 6511 since the refund claim must be premised on a tax paid. (D.E. No. 47 at ¶ 21). These facts create a genuine issue of material fact regarding the availability of an adequate remedy at law. *See Laino v. United States*, 633 F.2d 626, 629 (2d Cir.1980) (finding that even if the Court took as true plaintiffs' allegations that they had insufficient funds to pursue relief by paying the tax and seeking a refund, the judicially created exception to the Anti–Injunction Act did not apply because a plaintiff had an adequate legal remedy under section 6213(a) and specifically noting that plaintiff did not question "the validity or the receipt of the notice of deficiency sent to them"). Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Partial Summary Judgment on Counts II and III with respect to Tax Year 2004 (D.E. No. 45) is **DENIED.**

2. The United States's Motion for Partial Summary Judgment (D.E. No. 76) is **GRANTED in part and DENIED in part.** The motion is granted in that Final Summary Judgment shall be entered against Plaintiff as to Count I, and as to the claims in Count II, excepting those claims relating to the sums in excess allegedly charged with regard to the tax liabilities for Plaintiff's 1988, 1989, and 1991 taxes. A final judgment on the claims upon which summary judgment has been entered shall be entered by separate order. This case proceeds to trial with regard to Plaintiff's remaining claim in Count II and with regard to Count III.