William P. DAVIS and Virginia O. Davis, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.

Civ. A. No. 86–T–303–N.

United States District Court, M.D. Alabama, N.D.

Feb. 13, 1987.

---

Laura Lee, Billings, Mont., for petitioners.

John C. Bell, U.S. Atty., D. Broward Segrest, Asst. U.S. Atty., Montgomery, Ala., Lance J. Wolf, Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

In this action, petitioners William Davis and Virginia Owens (formerly Davis) seek to have the court enjoin the Commissioner of the Internal Revenue Service (IRS) from collecting taxes and penalties assessed against them for the year 1980. The cause is now before the court on respondent Commissioner's motion for summary judgment. For reasons that follow, the court is of the opinion that the motion is due to be granted.

I.

In 1980, Davis and Owens, who were at the time married to each other, filed a joint tax return, listing their residence as Mineral, Virginia. By early 1982, the couple had separated, with Owens remaining at the Mineral residence, and Davis moving to an address in Hahnville, Louisiana. In June of 1982, during a meeting Owens had with two IRS agents concerning an investigation they were conducting into Davis's 1981 tax return, Owens personally informed the agents that she and Davis had permanently separated and were living apart. At that time she also gave the agents Davis's Hahnville address. Owens has never resided at the Hahnville address, nor has the IRS ever been notified that she resides there. Since her separation from Davis, she has remained in Mineral, each year filing a separate tax return, listing her marital status as "single" and her address as Mineral, Virginia. In 1981, Davis also filed a separate return, but listed his status as "married" and used the Mineral address. He has not filed a tax return since 1981.

Late in 1983, Davis was tried and acquitted in the Western District of Tennessee on criminal charges related to his 1981 tax return. Upon arrest on these charges, Davis listed Hahnville, Louisiana as his resident address. While the charges were pending, he corresponded with IRS agents listing Hahnville as his return address.

On March 6, 1986, Davis received a notice letter from the IRS addressed to him and his wife, demanding that they pay $7,288.00 in taxes and penalties for the year 1980. Prior to the demand, neither Davis nor Owens had received statutory "notice of deficiency" as required under 26 U.S.C.A. § 6212 and 6213(a) or any notice of assessment for the year 1980. Although the evidence indicates that such notice was mailed by the IRS to Mr. and Mrs. Davis at the Hahnville address, that notice was left unclaimed by Davis, and was subsequently returned to the IRS. No notice of deficiency was ever directed to Owens at the Mineral, Virginia address.

## II.

Two issues are before the court at this time: First, whether the assessment made against Davis and Owens is valid and complies with § 6213(a) of the Internal Revenue Code; and second, if the IRS did not comply with § 6213(a), whether injunctive relief is permissible in this action notwithstanding the Anti-Injunction Act, 26 U.S.C.A. § 7421(a).

Section 6212 of the Internal Revenue Code concerns the procedures to be followed by the IRS when some deficiency is suspected in a taxpayer's past returns. The section authorizes the IRS to send notice of the deficiency by certified or registered mail, to the taxpayer at his "last known address." § 6212(b)(2) provides:

> In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

Under § 6213(a) of the Code, the taxpayer has 90 days after the mailing of notice of deficiency in which to petition the Tax Court for a redetermination of the deficiency. Referring to § 6212, this section states:

> [N]o assessment of a deficiency in respect of any tax imposed ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90–day ... period, ... nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

26 U.S.C.A. § 6213(a).

Both Davis and Owens argue that the IRS failed to comply with § 6213(a) because neither received notice of deficiency before the demand for payment of deficiency was issued: The Commissioner contends that the notice of deficiency was in fact mailed to Mr. and Mrs. Davis at the Hahnville address, thus meeting the requirements of § 6213(a). Owens and Davis claim that Hahnville was not their "last known address" for the purposes of the statute, and so it is irrelevant whether notice was sent there.

Actual receipt of notice by a taxpayer is not necessary to satisfy the requirements of § 6213(a), so long as the notice is mailed to the taxpayer at what the IRS last knew to be the taxpayer's address. *Mall v. Kelly*, 564 F.Supp. 371 (D.Wyo. 1983); *Walsh v. United States*, 507 F.Supp. 808 (D.Minn.1981); *United States v. Eisenhardt*, 437 F.Supp. 247 (D.Md.1977). The IRS does not owe a taxpayer any duty to make further efforts to reach the taxpayer once a deficiency notice which was mailed to the taxpayer's last known address is returned unclaimed. *Trail's End Motels, Inc. v. Commissioner of Internal Revenue*, 532 F.Supp. 85 (D.Kan.1982); *Zikria v. Williams*, 535 F.Supp. 481 (W.D.Pa. 1982).

In order for a taxpayer to succeed on a claim that the IRS did not mail a deficiency notice to the taxpayer's last known address, the taxpayer must show that the notice was not received, and that the IRS did not exercise reasonable care and diligence in determining the taxpayer's ad-

dress. *Tadros v. Commissioner of Internal Revenue*, 763 F.2d 89 (2d Cir.1985); *Green v. United States*, 437 F.Supp. 334 (N.D.Okla.1977).

It is undisputed here that neither Davis nor Owens actually received the notice of deficiency mailed to Hahnville by the IRS. Each argues that their last known address for IRS matters was Mineral, Virginia. Owens claims that because she informed two IRS agents that she and Davis had separated and because she never stated that her address was in Hahnville, but rather, had repeatedly listed her address as Mineral on her tax forms, she was entitled to have been mailed a separate notice of deficiency to her Mineral address. The court agrees. Where a taxpayer has informed an internal revenue agent that she has separated from her husband, notice of deficiency sent to her at her former husband's address is not sent to her "last known address." *Grafton v. United States*, 563 F.Supp. 39 (W.D.Mo.1983). Last known address, within the purview of the statute, is best defined as that address which the IRS reasonably believes the taxpayer wishes it to use. *Johnson v. Commissioner of Internal Revenue*, 611 F.2d 1015 (5th Cir.1980); *Butler v. District Director of Internal Revenue*, 409 F.Supp. 853 (S.D.Tex.1975); *Kennedy v. United States*, 403 F.Supp. 619 (W.D.Mich.1975), *aff'd*, 556 F.2d 581 (6th Cir.1977); *Delman v. Commissioner of Internal Revenue*, 384 F.2d 929 (3d Cir.1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968). If there is any doubt as to what constitutes the last known address of the taxpayer, duplicate original statutory notices should be sent. *Johnson*, at 1020, *quoting* Internal Revenue Service Manual § 4462.1(3).

Applying these guidelines, it is clear that Owens was entitled to receive a notice of deficiency at her Mineral address. She informed two agents that she had separated from her husband, and that *his* address, not hers, had changed. Although the Commissioner contends that Owens had not formally told the IRS of her separation from Davis, this argument loses its validity in light of the Commissioner's claim that the IRS *had* been notified of Davis's Hahnville address, which Owens relayed at the same time, to the same agents as she did the news of their separation. Moreover, Owens filed tax returns for the years 1981 through 1986 which listed her marital status as single and her address as Mineral, Virginia. In the court's view, an exercise of reasonable care and diligence on the part of the Commissioner would have resulted in his realization that Owens's last known address was Mineral and not Hahnville.

On the other hand, Davis has not carried his burden of showing that his last known address for tax matters was not Hahnville. He was clearly aware that the IRS knew of his Hahnville address and that the Commissioner apparently believed that Davis wished to be contacted at that address. Davis was contacted for matters relating to his criminal prosecution at the Hahnville address, and that was the address he gave as his return address on his correspondence to the IRS in regard to his prosecution. Furthermore, upon his arrest on the criminal charges, he listed Hahnville as his resident address. The court therefore concludes that the notice of deficiency due Davis under § 6213(a) was properly mailed to him at his "last known address." The fact that the notice was left unclaimed did not require the IRS to go beyond the statute's requirement that the notice be mailed. Therefore, Davis received the full measure of process to which he was entitled, and this court's inquiry as to his claim is complete.

III.

Since Owens did not receive the notice of deficiency due her under the Code, the court must now consider whether the injunctive relief she requests properly may be granted. The Commissioner argues that such relief is barred by the Anti-Injunction Act, 26 U.S.C.A. § 7421(a). It is true that a court's equity powers are significantly diminished by § 7421(a) in the area of taxation, in deference to "the Government's need to assess and collect taxes as expeditiously as possible." *Bob Jones University v. Simon*, 416 U.S. 725,

736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). "The object of Section 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing Co.,* 370 U.S. 1, 5, 82 S.Ct. 1125, 1128, 8 L.Ed.2d 292 (1962). As such, the Act insulates tax collection from judicial intervention, requiring that disputes over tax assessment be resolved through suits for refunds.

■ However, § 7421(a) allows for several exceptions to its bar against injunction suits. One such exception concerns suits brought under § 6213(a). Suit to enjoin tax assessment and collection is thus permissible notwithstanding § 7421(a) if a taxpayer has not been mailed a notice of deficiency and afforded the opportunity for review by a tax court, *Commissioner v. Shapiro,* 424 U.S. 614, 618, 96 S.Ct. 1062, 1066, 47 L.Ed.2d 278 (1976); *Flynn v. United States by and through Eggers,* 786 F.2d 586, 589 (3rd Cir.1986), as Owens was not.

Contrary to Owens's contentions, however, the fact that a suit may be brought pursuant to § 6213(a) without implicating the Anti-Injunction Act does not negate her obligation to make the traditional showing prerequisite to obtaining equitable relief. *Williams Packing,* 370 U.S. at 6, 82 S.Ct. at 1129; *Lovell v. United States,* 795 F.2d 976 (11th Cir.1986); *Flynn,* 786 F.2d at 590; *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 313 (9th Cir.1982). "Congress, in enacting Section 6213(a), did not repudiate the principle that injunctive relief is an extraordinary remedy which is unavailable absent a showing of irreparable injury and no adequate remedy at law.... [A]bsent a clear Congressional statement, [a court] should not infer that Congress intended to alter equity practices." *Flynn,* at 590–591, *citing Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–313, 102 S.Ct. 1798, 1802–1804, 72 L.Ed.2d 91 (1982). In its drafting of § 6213(a), Congress has suggested that

the granting of injunctive relief is not mandatory, but is permissible at the discretion of the trial court. *Id.* Thus, "there is no reason to cast off those principles that traditionally have informed the exercise of a court's broad equity powers." *Flynn,* 786 F.2d at 591.

■ Traditional principles of equity direct that injunctive relief issue only where it " 'is essential in order effectually to protect property rights against injuries otherwise irremediable.' ... [T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Lovell v. United States,* 795 F.2d at 977, *quoting Cool Fuel,* 685 F.2d at 314 n. 1. The court is unable to evaluate the sufficiency of Owens's remedies at law or the severity of the harm she might be exposed to if an injunction is not issued, because she has not even alleged that her remedy at law is inadequate or that she will suffer any irreparable harm in the absence of injunctive relief. Thus, there is no question that she has not carried the traditional burden borne by those who seek to have a court enjoin some action. As the Eleventh Circuit wrote in *Lovell,* 795 F.2d at 978, "[a]bsent any showing of irreparable harm and inadequacy of legal remedies the federal courts have no equity jurisdiction." Owens's failure to allege and establish irreparable harm is therefore fatal to her claim.[*]

For the foregoing reasons, the Commissioner's motion for summary judgment is due to be granted as to both Davis and Owens.

---

[*] Davis's failure to allege and establish irreparable harm is an alternative ground for denying him relief.