**Kenneth A. STOECKLIN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–3277.

United States Court of Appeals, Eleventh Circuit.

Sept. 25, 1991.

Ralph J. Lee, Asst. U.S. Atty., Jacksonville, Fla., Gary R. Allen, Chief, Appellate Section, Kevin M. Brown, Richard Farber, Joel A. Rabinovitz, William S. Estabrook, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before ANDERSON and DUBINA, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

DUBINA, Circuit Judge:

In this appeal, the appellant, Kenneth A. Stoecklin ("Stoecklin"), requests this court to vacate the district court's dismissal of his complaint against the Internal Revenue Service ("IRS") for lack of subject matter jurisdiction. We find that the district court had subject matter jurisdiction; accordingly, we vacate the district court's order and remand this case for further proceedings consistent with this opinion.

## I. BACKGROUND

The IRS issued notices of deficiency for the years 1978–1983 which Stoecklin contested. The deficiencies were upheld by the tax court and affirmed by this court.[1] Taxes were assessed against Stoecklin, after which the IRS filed notices of tax liens on certain real and personal property

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. For a more detailed discussion of the earlier litigation, see *Stoecklin v. C.I.R.*, 865 F.2d 1221 (11th Cir.1989).

owned by Stoecklin. Finally, the IRS assessed notices of levy to attempt to collect Stoecklin's taxes.

Stoecklin filed suit against the United States in an effort to quiet title to the property against which the government had assessed its notices of levy.[2] Stoecklin contends that the liens the government placed on his property were invalid because the government had not formally assessed the taxes due, because it had not issued a notice of assessment and demand for payment, and because it had not issued a final notice and demand (notice of intention to levy). Stoecklin also added a claim under § 7431 of the Internal Revenue Code ("IRC") for damages due to the alleged unauthorized disclosure of his tax return information in violation of § 6103 of the IRC. The United States filed a motion to dismiss for lack of subject matter jurisdiction, which the district court granted. Stoecklin then perfected this appeal.

## II. DISCUSSION

 The United States is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Title 28 U.S.C. § 2410 provides, in pertinent part, that "the United States may be named a party in any civil suit in any district court ... to quiet title to ... real and personal property on which the United States has or claims a mortgage or other lien."

This circuit has not addressed whether a taxpayer may rely on the waiver in § 2410 as a basis for jurisdiction to challenge a federal tax lien. Other jurisdictions that have addressed the issue have permitted taxpayers to challenge the procedural validity of a federal tax lien under § 2410. *See McCarty v. United States*, 929 F.2d 1085, 1087–88 (5th Cir.1991); *Robinson v. United States*, 920 F.2d 1157, 1161 (3rd Cir.1990); *Schmidt v. King*, 913 F.2d 837, 839 (10th Cir.1990); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990); *Pollack v. United States*, 819 F.2d 144, 145

(6th Cir.1987). A taxpayer cannot, however, challenge the merits of the underlying assessment. *McCarty*, 929 F.2d at 1088; *Robinson*, 920 F.2d at 1161; *Schmidt*, 913 F.2d at 839; *Elias*, 908 F.2d at 528; *Pollack*, 819 F.2d at 145. We agree with these circuits that a taxpayer may challenge the procedural validity of a federal tax lien under § 2410. In the present case, Stoecklin alleges that the United States did not follow the proper procedures in procuring the liens against his property. Therefore, Stoecklin's lawsuit challenging the procedural validity of the federal tax liens falls under the waiver of sovereign immunity outlined in § 2410.

## III. CONCLUSION

For the foregoing reasons, we vacate the district court's dismissal of Stoecklin's complaint and remand this case for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

**2.** In his second amended complaint, Stoecklin sought to quiet title to a "life estate" in property located in Crystal Crest, Citrus County, Florida; an Epson computer; a Toshiba copier; cash and notes; an investment account; and his "personal credit rating/status."