Joseph DELVECCHIO, and Carol
Delvecchio, Petitioners,

v.

John SMITH, an agent of the Internal
Revenue Service, Respondent.

No. 07–14249–CIV.

United States District Court,
S.D. Florida,
Ft. Pierce Division.

March 31, 2008.

Joseph Delvecchio, Stuart, FL, pro se.

Carol Delvecchio, Stuart, FL, pro se.

Rachael Amy Kamons, Thomas F. Koelbl, United States Department of Justice, Washington, DC, for Respondent.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court on Respondent's Motion to Dismiss [D.E. 5].

### I. BACKGROUND

This action was initiated when *pro se* Petitioners filed an action in the Circuit Court of the Nineteen Judicial Circuit, In and For Martin County, Florida, seeking to have a federal tax lien placed by the Internal Revenue Service ("IRS") removed from Petitioners' property [D.E. 1]. The Respondent ("United States" or "Government") removed the matter to this Court and has filed the instant Motion to Dismiss [D.E. 5].[1] In that Motion, the Respondent asserts that Petitioners' Complaint should be dismissed for the following reasons: 1) Petitioners have improperly named an IRS agent as the Respondent in this action; 2) Petitioners have failed to properly serve the United States; 3) the Court lacks subject matter jurisdiction as the Federal Government has not waived its sovereign immunity; 4) the Anti–Injunction Act and Declaratory Judgment Act bar the relief requested by Petitioners; and, 5) Petitioners are not entitled to relief under 26 U.S.C. § 7433 as Petitioners have failed to allege any unlawful activity by the IRS, failed to exhaust their administrative remedies and have failed to file this action timely as required by that section. Petitioners have filed an Opposition to the

---

1. Petitioners named an IRS agent as the Respondent in this matter. The proper respondent in this matter should be the United States and not the IRS agent. Accordingly, as discussed *infra*, the Petitioners will be granted leave to substitute the proper party.

Motion to Dismiss [D.E 7]. The Government has not filed a Reply.

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

## II. *LAW & DISCUSSION*

### A. Motion to Dismiss Standard

A complaint should not be dismissed where there are enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Once a complaint states all claims adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *See Twombly* at 1969. A court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The threshold of sufficiency that a complaint must meet is exceedingly low. *Ancata v. Prison Health Servs. Inc.,* 769 F.2d 700, 703 (11th Cir. 1985); *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994).

■ In addition, *"pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Trawinski v. United Tech.,* 313 F.3d 1295, 1297 (11th Cir.2002) (*quoting Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998)).

### B. Failure to Name United States as Respondent

■ The Government first argues that Petitioners have improperly named Internal Revenue Service Officer Smith as the Respondent in this action. The Government is correct in this assertion. A suit against the IRS employees in their official capacities is, in essence, a suit against the United States. *Rosado v. Curtis,* 885 F.Supp. 1538, 1542 (M.D.Fla.1995), aff'd, 84 F.3d 437 (11th Cir.1996). Petitioners have specifically captioned the case as "JOHN SMITH, an agent of the IRS, a division of the U.S. Department of the Treasury". While it is technically improper to name the IRS Agent as the Respondent, it is clear that the Petitioners seek relief from the actions allegedly taken by or on behalf of the IRS and thus the Court will allow the *pro se* Petitioners to substitute the United States as the proper party.

### C. Failure to Properly Serve United States

■ The Respondent next contends that Petitioners failed to properly serve the United States as there is no evidence that the Petitioners complied with Federal Rule Of Civil Procedure 4(i) which requires, when serving the United States, that a copy of the summons and complaint be delivered to the United States Attorney for the Southern District of Florida and the Attorney General of the United States. *See* Fed.R.Civ.P. 4(i). Respondent is correct in this regard, however again, the Court will allow the *pro se* Petitioners the opportunity to correct any service defects related to the service in the United States. Allowing the Petitioners to perfect service upon the United States comports with the 1993 Advisory Committee Notes to Rule 4(i) Amendments which recognize that the Rule, as amended, "... saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service ..." Further, Rule 4(i)(3) provides that the court *shall* allow a reasonable time to serve process upon the United States when the plaintiff has served an employee of the United States sued in an individual capacity. Fed.R.Civ.P. 4(i)(3). Accordingly, Petitioners may serve the United States Attorney for the Southern District

of Florida and the Attorney General of the United States in compliance with the Federal Rules of Civil Procedure within thirty (30) days from the date of this Order.

### D. Court's Jurisdiction and Waiver of Sovereign Immunity[2]

#### 1) *28 U.S.C. § 2410*

Respondent United States next asserts that this matter should be dismissed as the doctrine of sovereign immunity provides that the United States is immune from suit unless it consents to being sued. The Government contends that the Petitioners have failed to show that the United States has explicitly waived its sovereign immunity under the facts presented herein, and thus this Court lacks jurisdiction to hear this matter. In response, Petitioners argue that 28 U.S.C. § 2410, allows the United States to be named as a party in an action of this nature.

■ It is well settled that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define this court's jurisdiction. *Brewer v. C.I.R.*, 430 F. Supp.2d 1254, 1258 (S.D.Ala.2006)(*citing U.S. v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990)). Such a waiver cannot be implied and must, therefore, be unequivocally expressed. *Id.* While Petitioners cite to Title *26* U.S.C. § 2410 as a source of the United States's waiver of immunity, the Court assumes that Petitioners intended to cite to Title *28* U.S.C. § 2410 which provides, in pertinent part, "... the United States may be named a party in any civil suit in any district court ... to quiet title to ... real and personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410.

■ In the Petition, Petitioners allege that the IRS has placed a lien on their property and Petitioners request, *inter alia*, that the court "... order the lien removed as an encumbrance against Petitioners' homesteaded property." [D.E. 1 at 5]. In addition, Petitioners state that they are petitioning this Court "... for an order to the Clerk of the Court to remove a cloud placed on the title to their residence." [D.E. 1 at 4]. Thus, Petitioners' claims and request for relief clearly sound in a quiet title action. Although the Petitioners cite to Florida Statutes and not federal statutes in their Petition, this Court construes the *pro se* Petitioners' Petition liberally and determines that the Petitioners' claims may be read as stating a claim for relief under the federal quiet title statute, 28 U.S.C. § 2410, which provides relief for actions affecting property on which the United States has a lien. *See,* 28 U.S.C.A. § 2410. Such a conclusion is warranted particularly in light of the fact that the Petitioners initially filed this matter in state court and therefore sought relief under Florida statutes and it was the Respondent United States who removed the matter to federal court pursuant to 28 U.S.C. §§ 1441, 1442 and 1444. *See e.g., Branca v. U.S.*, No. 07–13777, 2008 WL 177785 (11th Cir. Jan.22, 2008) (examining pro se taxpayer's state claims challenging federal tax liens as claims under 28 U.S.C. § 2410). The Respondent's Motion to Dismiss is silent on whether Petitioners have or are able to state a claim under 26 U.S.C. § 2410, but rather simply states that the United States has not waived its sovereign immunity under certain other federal statutes, discussed below. Further, the Respondent has not

---

**2.** The Court notes that jurisdiction under this matter actually arises under 28 U.S.C. § 1340, thus the true question raised by the Respondent, although couched in terms of jurisdiction, relates to the waiver of immunity by the United States and the relief available to the Petitioners.

filed a Reply to Petitioners' Opposition to the Motion to Dismiss.

That notwithstanding, this Court need look no further than the Eleventh Circuit's ruling in *Stoecklin v. U.S.*, 943 F.2d 42, 43 (11th Cir.1991) to determine that the United States has, in fact, waived its immunity to suit for proper taxpayer claims brought under 28 U.S.C. § 2410. In *Stoecklin*, the Eleventh Circuit reversed a district court's dismissal of a complaint for lack of subject matter jurisdiction where a taxpayer brought a quiet title action against the IRS under 26 U.S.C. § 2410. The court concluded that the United States waived its immunity from suit for claims under § 2410 and noted that other circuit courts had reached the same conclusion. *Id.* However, the court held that a taxpayer may only bring an action against the United States under § 2410 to challenge the procedural validity of a federal tax lien, but not the merits of the underlying assessment. *Id.*

Thus, the relevant inquiry in the instant matter is whether the Petitioners are seeking to quiet title to their property based upon the Respondent's alleged failure to follow proper procedures, or whether the Petitioners are actually requesting the Court to review the merits of the underlying assessment. Clearly, if it is the former, then the U.S. Government has waived its sovereign immunity pursuant to § 2410, but if it is the latter, there is no waiver of immunity and the suit may not proceed under this statute.

■ In the Petition, Petitioners allege, *inter alia*, that Mr. John Smith, an agent of the IRS, fraudulently filed a lien against Petitioners' homestead property on May 21, 2002, based upon an assessment allegedly made in November of 2001. While the Petitioners admit that an audit was conducted by the IRS in 1990 related to tax returns filed by the Petitioners for the years 1987 and 1988, they contend that no assessment was made against the Petitioners in 2001 to support the federal tax lien that was filed in 2002. The Petitioners assert that the failure to make an assessment prior to the issuance of the tax lien is a violation of the IRS rules and Federal Statutes. Thus, it appears that the Petitioners are attacking the procedural validity of the federal tax lien, rather than challenging the merits of the underlying assessment. As such, as provided for in *Stoecklin*, pursuant to § 2410, the United States has waived its sovereign immunity and this Court has jurisdiction over this matter.

### 2) *Anti–Injunction Act and Declaratory Judgment Act*

Respondent Government also argues that Petitioners are barred from relief pursuant to the Anti–Injunction Act, 26 U.S.C. § 7421(a), which provides, in relevant part, Prohibition of suits to restrain assessment or collection,

(a) Tax.—Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

■ Thus, the Anti–Injunction Act prohibits law suits by taxpayers for the purpose of restraining the assessment or collection of any tax, unless the taxpayer falls under certain exceptions. *Lovell v. U.S.*, 795 F.2d 976, 977 (11th Cir.1986). In addition, the Eleventh Circuit has held that in order for a tax injunction to issue despite this general prohibition, the movant must not only qualify under an exception to the Anti–Injunction Act, but must also satisfy traditional standards for equitable relief.

*Id.* These traditional standards require that a movant show irreparable injury *and* the inadequacy of legal remedies in order for an injunction to issue. *Id. citing Cool Fuel, Inc., v. Connett,* 685 F.2d 309 (9th Cir.1982).

█ In the instant action, the Court finds that Petitioners are not entitled to relief even if they meet an exception under the Anti–Injunction Act as they have failed to satisfy the traditional standards required for equitable relief; a showing of irreparable injury and the inadequacy of other legal remedies.[3] More specifically, the Petitioners have the alternative legal remedy of seeking quiet title to their property pursuant to 28 U.S.C. § 2410, as discussed above. The Eleventh Circuit has held that in such a scenario, a federal court has no equity jurisdiction and a suit for injunctive relief is properly dismissed. *Id.* at 978.

█ Similarly, any claims raised by Petitioners pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), may not be maintained due to the express language of that statute. In particular, Declaratory Judgments, 28 U.S.C. § 2201, Creation of remedy, provides,

(a) In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986,* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . .

28 U.S.C.A. § 2201. Thus, the Declaratory Judgment Act does not provide relief for controversies related to Federal taxes, except in cases brought under section 7428. As it is clear that this matter involves a controversy regarding Federal taxes that is not brought under section 7428, relief for the Petitioners is unavailable under the Federal Declaratory Judgment Act, as well.

### 3) 26 U.S.C. § 7433

Respondent finally contends that Petitioners' claims are due to be dismissed to the extent that they are seeking relief under 26 U.S.C. § 7433, which provides for civil damages for certain unauthorized collection actions. 26 U.S.C. § 7433 provides, in pertinent part,

(a) In general.—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433. The Respondent asserts that Petitioners are unable to sustain a claim under this statute on a number of grounds. First, the Respondent contends that Petitioners have failed to allege " . . . that the IRS engaged in any unlawful collection activity," but rather, " . . . simply assert that the IRS's filing of the Notice of Federal Tax lien against them was unlawful." [D.E. 5 at 11]. This argument is a distinction without a difference. Petition-

---

**3.** The Anti–Injunction Act expressly provides for certain exceptions to the Act. One such exception arises when a taxpayer challenges an IRS assessment on the ground that a notice of deficiency was not issued as required by Title 26 section 6212(a). This Court, however, does not reach the issue of whether the instant matter falls into the "notice deficiency" exception or some other exception as it is clear that the Petitioners fail to meet the other equitable relief requirements necessary for an injunction to issue.

ers specifically allege that an employee of the IRS, Mr. Smith, "... did knowingly and willfully file and record ... a fraudulent Notice of Federal Tax Lien ..." and, further allege, "Federal Statutes and IRS rules require no taxes can be assessed and collected until an assessment has been made. And, in this case, the IRS has no assessment against Petitioners." Hence, the Petitioners maintain that the IRS employee knowingly filed a fraudulent tax lien in violation of the Federal Statutes and IRS rules, thus, the Petitioners have clearly alleged that the IRS, through its agent, engaged in unlawful activity. Moreover, § 7433 provides that a taxpayer may bring a civil action if an employee of the IRS "... recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title ..." in connection with any collection of a Federal tax. Thus, the statute provides for relief even if the employee's actions constitute a reckless, intentional or negligent disregard of a regulation, and does not expressly require the heightened finding of "unlawful" conduct as suggested by the Respondent.

 Similarly, the Respondent's argument that the Petitioners' claims fail as they do not relate to collection activities as required by § 7433 is also without merit. While Respondent correctly notes that a claim under this section may not challenge the validity of the underlying assessment, but rather is limited to challenges to improper collection procedures, the Respondent fails to acknowledge that the issuance of a fraudulent tax lien, as alleged in the Petition, falls within the ambit of collection activity as contemplated by § 7433. In fact, while the case of *Shaw v. United States*, 20 F.3d 182 (5th Cir.1994), which is cited by the Respondent in support of its position that this matter does not involve tax collection activity, does draw a distinction between assessment activity and col-

lection activity for purposes of a § 7433 claim, the *Shaw* court cites to *Miller v. United States*, 763 F.Supp. 1534, 1543 (N.D.Cal.1991) for delineating the difference in those two types of activities. In so doing, the *Miller* court stated the following,

> The Government first argues that the making of an assessment is not a collection activity, asserting that an assessment is a mere determination of tax liability which must precede any collection action by the IRS. The Government is correct that a mere assessment is not a collection action. However, as the Government acknowledges, *a notice and demand for payment constitute a collection action, as does the filing of a notice of tax lien.*

*Miller*, 763 F.Supp. at 1543. (emphasis added). It is therefore clear that the filing of a notice of tax lien is a collection action. Other courts in this district have similarly cited to *Miller* and have noted that the filing of a notice of tax lien constitutes a collection activity. *See e.g. Brewer v. C.I.R.*, 430 F.Supp.2d 1254, at 1260 (S.D.Ala.2006). Thus, as Petitioners' claims relate to the issuance of the federal tax lien, they fall within the purview of "collection activities" for purposes of a § 7433 claim.

 However, as correctly argued by the Respondent, the Petitioners' claims fail under § 7433 for failure to exhaust administrative remedies and to timely file an action under this section. It is clear that § 7433 requires that a plaintiff exhaust its administrative remedies prior to filing an action under that section, and courts have regularly dismissed cases where no showing of exhaustion has been made. *See*, 26 U.S.C.A. § 7433(d)(1); 26 C.F.R. § 301.7433–1. *See also, Grant v. U.S.*, 289 F.Supp.2d 1361, 1364 (S.D.Fla.2003). *Accord, Sintz, Campbell, Duke and Taylor v.*

*U.S.*, 197 B.R. 351 (S.D.Ala.1996) (citing cases from various circuits where § 7433 actions were dismissed for failure to exhaust administrative remedies). The Petitioners have not alleged that they pursued any administrative remedies related to the alleged unlawful placement of a federal tax lien on their home. Rather, Petitioners merely state that they have filed numerous FOIA requests with the IRS seeking a copy of the 2001 assessment which served as the basis for the federal tax lien notice. The filing of FOIA requests does not constitute an administrative remedy. Thus, Petitioners have failed to exhaust their administrative remedies as required by § 7433.

In addition, § 7433 explicitly states that any action to enforce liability may be brought only within two (2) years after the date the right of action accrues. *See* 26 U.S.C. § 7433(d)(3). A right of action accrues when a taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action. *See* 26 C.F.R. § 301.7433–1(g)(2). In this case, according to the Petition, the federal tax lien was filed in May of 2002, and the instant action was not filed until 2007. Given that Petitioners assert that no assessment had been made in 2001, prior to the 2002 lien, then their cause of action accrued when they were notified that a tax lien had been placed upon their home. While the Petition does not state the exact date that Petitioners received notice of the tax lien, the Petitioners state that "... during the past six years no assessment has been produced." [D.E. 1 at 4]. Therefore, Petitioners as early as 2002, had a reasonable opportunity to discover all of the essential elements of a possible cause

of action and thus have failed to timely file this action pursuant to § 7433.[4] Accordingly, Petitioners may not proceed on a claim under this section.

### III. *CONCLUSION*

Based on the foregoing discussion, it is

**ORDERED AND ADJUDGED** that Respondent's Motion to Dismiss [D.E. 5] is hereby **GRANTED, in part and DENIED, in part,** as follows:

1. The Petitioners shall have thirty days (30) from the date of this Order to perfect service upon the United States pursuant to Federal Rule of Civil Procedure 4(i). Failure to perfect service in compliance with this Order may result in this matter being dismissed;

2. The Petitioners are granted leave to substitute the United States as the proper named Respondent in this matter within twenty (20) days of the date of this Order;

3. To the extent that the Petitioners seek to quiet title to their home pursuant to 28 U.S.C. § 2410, as discussed above, the claim may proceed, provided the Petitioners perfect service upon the United States;

4. To the extent that the Petitioners seek relief pursuant to the 26 U.S.C. § 7433, said claim is dismissed for failure to exhaust administrative remedies and to timely file;

5. To the extent that Petitioners seek relief under the Declaratory Judgment Act said request is denied.

---

**4.** The Court notes that Petitioners have alleged that in 2004, a U.S. Tax Court determined that prior assessments made by the IRS were invalid and thus, arguably the Petitioners' knowledge regarding the lack of an assessment for purposes of the 2002 tax lien

did not fully accrue until that time. Nevertheless, the Petitioners still failed to file an action within two years of that decision and may therefore not bring an action under § 7433.